UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 3:22-cr-61 (VLB) |
| v. | VIOLATIONS:<br>18 U.S.C. § 1343<br>(Wire Fraud) |
| JAMIE PETRONE | |
| | 26 U.S.C. § 7206(1)<br>(False Tax Return) |

MAR 28 2022 PM 1:28
FILED-USDC-CT-HARTFORD

INFORMATION

The United States Attorney charges:

COUNT ONE
(Wire Fraud)

1.  At all relevant times, the defendant JAMIE PETRONE ("PETRONE") resided in Connecticut.

2.  PETRONE was employed by the Yale University School of Medicine ("Yale Med"), Department of Emergency Medicine, in New Haven, Connecticut, beginning in approximately 2008. PETRONE previously worked in other areas of Yale Med and Yale New Haven Hospital (also located in New Haven) since 1999.

3.  PETRONE held various administrative positions with the Department of Emergency Medicine beginning in 2008 and, since September 1, 2019, was Lead Administrator and Director of Finance and Administration for the Department of Emergency Medicine. As part of her job responsibilities, PETRONE had authority to make and authorize certain purchases on behalf of the Department of Emergency Medicine for departmental needs. So long

as the purchase amount stayed below $10,000, PETRONE did not need further authorization within the Yale purchasing structure.

4.      Beginning at least as early as 2013, and continuing through August 2021, in the District of Connecticut, PETRONE, knowingly and with the intent to defraud, devised a scheme and artifice to defraud Yale University and Yale Med, and to obtain money and property of Yale University and Yale Med by means of false and fraudulent pretenses, representations, and promises, wherein she caused Yale Med to order unnecessary computer equipment that PETRONE stole and then sold to out-of-state resellers.

5.      As part of the scheme and artifice, PETRONE ordered, and caused others working for her to order, large amounts of electronic hardware from Yale vendors using Yale Med funds.  The hardware included Microsoft Surface Pro 2-in-1 detachable tablet computers, Apple iPad tablet computers, Apple MacBook computers, and cameras and camera equipment. Additionally, PETRONE also ordered preloaded applications for some of the equipment and extended warranties.

6.      It was further part of the scheme and artifice that PETRONE typically broke up purchases into several orders below the $10,000 threshold so as to avoid the need for additional approval.

7.      It was further part of the scheme and artifice that PETRONE often falsely represented on Yale internal forms and in electronic communications to other Yale personnel that the hardware was for specified Yale Med needs, such as particular medical studies, when in truth the defendant intended to resell and profit from the hardware.  On many occasions, PETRONE doctored

emails from more senior Yale personnel to make it appear that those personnel were requesting that the hardware be ordered, when in fact no such request had been made. However, when Yale Med received the hardware from vendors, PETRONE instead arranged to ship the hardware, via FedEx or other interstate carriers, to an out-of-state reseller in exchange for money. PETRONE directed that payment be made from such out-of-state reseller into a company of which the defendant was a principal.

8. On or about August 6, 2021, in the District of Connecticut, for the purpose of executing the above-described scheme and artifice, PETRONE transmitted and caused to be transmitted certain writings, signs, signals, pictures, and sounds by means of wire communication in interstate and foreign commerce, that is, an e-mail from PETRONE's Yale Med email account in Connecticut to an employee of a vendor outside of Connecticut in which PETRONE requested a sales quote for 100 Surface Pro 7 detachable tablet computers with 256 gigabyte solid state drives, which she intended to resell to the out-of-state reseller for her own financial gain.

All in violation of Title 18, United States Code, Section 1343.

COUNT TWO<br>(False Tax Return)

9. On or about February 27, 2017, in the District of Connecticut, the defendant JAMIE PETRONE did willfully make and subscribe a United States Individual Tax Return, Form 1040 (together with associated schedules), for the year ending December 31, 2016 (the "2016 Form 1040), which was verified by a written declaration that it was made under the penalties of perjury and which

the defendant did not believe to be true and correct as to every material matter. The 2016 Form 1040, which was filed with the Internal Revenue Service, materially overstated the defendant's cost of goods sold on Lines 4 and 42 of Schedule C.

All in violation of Title 26, United States Code, Section 7206(1).

### FORFEITURE ALLEGATIONS
(Wire Fraud)

10.   Upon conviction of Wire Fraud as alleged in Count One of this Information, the defendant JAMIE PETRONE shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), all right, title, and interest in any and all property, real or personal, which constitutes or is derived from proceeds traceable to violations of Title 18, United States Code, Section 1343, including but not limited to:

   a.   Approximately $560,421.14 in United States currency, seized on or about August 31, 2021, by the Federal Bureau of Investigation upon a warrant issued by the Hon. Sarah A.L. Merriam, then a United Stated Magistrate Judge, from a bank account at Bank of America in the name of Maziv Entertainment LLC, account number ending 9857;

   b.   A 2014 White Mercedes-Benz G550, Connecticut License Plate: AR92404, Vehicle Identification Number ("VIN"): WDCYC3HF1EX224164;

  c. A 2017 Red Land Rover/Range Rover Sv Autobiography, Connecticut License Plate: AX16523, VIN: SALGW3FE6HA351155;

  d. A 2015 Black Cadillac Escalade Premium, Connecticut License Plate: AM07678, VIN: 1GYS4CKJ4FR268634;

  e. A 2020 Cardinal Red Mercedes Benz Model E450A, Georgia License Plate: CQB4322, VIN: WDD1K6HB8LF125147; and

  f. A 2016 White Cadillac Escalade (4 Door Sport), California License Plate: 8XFU511, VIN: 1GYS4DKJ8GR294158; and

  g. A 2018 Dodge Charger, California License Plate: 8AUC527, VIN: 2C3CDZFJ4JH120648.

11. If any of the above described forfeitable property, as a result of any act or omission of the defendant, cannot be located upon the exercise of due diligence, has been transferred, sold to, or deposited with a third party, has been placed beyond the jurisdiction of the Court, has been substantially diminished in value, or has been commingled with other property which cannot be divided without difficulty, it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above.

All in accordance with Title 18, United States Code, Section 981(a)(1) as incorporated by Title 28, United States Code, Section 2461(c) and Rule 32.2(a) of the Federal Rules of Criminal Procedure.

                    THE UNITED STATES OF AMERICA

                    */s/ Leonard C Boyle*
                    LEONARD C BOYLE
                    UNITED STATES ATTORNEY

                    */s/ David E. Novick*
                    DAVID E. NOVICK
                    ASSISTANT UNITED STATES ATTORNEY