UNITED STATES DISTRICT COURT
District of Connecticut

**UNITED STATES OF AMERICA**

v.

**JAMIE PETRONE**

**JUDGMENT IN A CRIMINAL CASE**

CASE NO.: 3:22-cr-61-VLB
USM NO.: 63297-509

**David E. Novick**
Assistant United States Attorney

**Frank J. Riccio, II**
Defendant's Attorney

THE DEFENDANT: pled guilty to Counts One and Two of the Information.

Accordingly, the defendant is adjudicated guilty of the following offense:

| Title & Section | Nature of Offense | Offense Concluded | Count |
|---|---|---|---|
| 18 U.S.C. § 1343 | Wire Fraud | August 2021 | 1 |
| 26 U.S.C. § 7206(1) | Filing a False Tax Return | August 2021 | 2 |

The following sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IMPRISONMENT**

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total of one-hundred and nine (109) months on Count One and twelve (12) months on Count Two, to be served concurrently.

**SUPERVISED RELEASE**

Upon release from imprisonment, jurisdiction shall be transferred to the state of Georgia and the defendant shall be on supervised release in Georgia for a total term of three (3) years on Count One and one (1) year on Count Two, to be served concurrently. The Special Financial Conditions of Supervised Release, as well as the Mandatory and Standard Conditions of Supervised Release as attached, are imposed. In addition, the following Special Conditions are imposed:

(1) Defendant shall participate in substance abuse evaluations and treatment as directed by the Probation Office on an out-patient basis, and on an inpatient basis upon order of the Court.

**(2)** Defendant's home, person, vehicle, and place of employment shall be subject to search under reasonable suspicion by the Probation Office of the commission of a criminal offense or violation of supervised release.

**(3)** Defendant may not have any debt—including without limitation from credit card installment agreements or lines of credit—aggregating, at any given time, two-hundred and fifty dollars ($250.00) without probation officer's approval.   Defendant may not open additional lines of credit without the approval of the probation officer. Defendant must not add any new names to any lines of credit, and she must not be added as a secondary card holder on another's line of credit.

**(4)** You must provide the probation officer access to any requested financial information and authorize the release of any financial information. The Probation Office may share financial information with the U.S. Attorney's Office.

**(5)** Defendant must cooperate with the Internal Revenue Service to pay all outstanding taxes, interest and penalties. Defendant shall file lawful and timely tax returns and provide copies to the Probation Office.

**(6)** Defendant must pay any restitution imposed by this Judgment.   If Defendant is unable to pay the full balance in a lump sum, any remaining balance is payable at the rate of not less than $250 per month or 10% of your gross monthly income, whichever is greater.   If the probation officer determines Defendant is unable to pay restitution as described herein, it must file a motion with the Court seeking a change in the Court's order.

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments as follows:

| | | |
|---|---|---|
| **Special Assessment:** | $200.00 | to be paid immediately. |
| **Fine:** | $0.00 | |
| **Restitution:** | $40,504,200.08 as to Count One to Yale, and $6,416,618.00 as to Count Two to the IRS | to be paid during supervised release. |

## FORFEITURE

The Court will forgo entering the final order of forfeiture pending disposition of the claim to some of the funds.

It is further ordered that the defendant will notify the United States Attorney for this district within 30 days of any change of name, residence or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are paid.

**The following counts have been dismissed: none.**

**JUDICIAL RECOMMENDATION(S) TO THE BUREAU OF PRISONS**

**The Court recommends to the Federal Bureau of Prisons for the defendant to be housed at a facility near Connecticut.**

**October 13, 2022**
_____
**Date of Imposition of Sentence**

Vanessa L. Bryant
Digitally signed by Vanessa L. Bryant
Date: 2022.10.18 09:12:42 -04'00'
_____
**Vanessa L. Bryant**
**Senior United States District Judge**

## CONDITIONS OF SUPERVISED RELEASE

**In addition to the Standard Conditions listed below, the following indicated (■) Mandatory Conditions are imposed:**

### MANDATORY CONDITIONS

(1) You must not commit another federal, state or local crime.

(2) You must not unlawfully possess a controlled substance.

(3) You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*

(4) ■ You must make restitution in accordance with 18 U.S.C.§§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*

(5) ■ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*

(6) ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*

(7) ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

### STANDARD CONDITIONS

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

(1) You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.

(2) After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.

(3) You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.

(4) You must answer truthfully the questions asked by your probation officer.

(5) You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

(6) You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.

(7) You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

(8) You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

(9) If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.

(10) You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

(11) You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

(12) You must follow the instructions of the probation officer related to the conditions of supervision.

**Upon a finding of a violation of supervised release, I understand that the court may (1) revoke supervision <u>and impose a term of imprisonment</u>, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.**
**These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.**

**(Signed)** _____   _____
**Defendant**                                                  **Date**

_____   _____
**U.S. Probation Officer/Designated Witness**                  **Date**

**CERTIFIED AS A TRUE COPY ON THIS DATE:** _____
**By:** _____
      **Deputy Clerk**

**RETURN**
**I have executed this judgment as follows:**
**Defendant delivered on** _____ **to** _____ **a** _____, **with a certified copy of this judgment.**

                     **Lawrence Bobnick**
                   **Acting United States Marshal**

             **By** _____
                      **Deputy Marshal**

# SPECIAL FINANCIAL CONDITIONS OF SUPERVISED RELEASE

**While on supervised release, the defendant shall comply with all of the following Special Financial Conditions:**

(1) The defendant shall not incur any debt, including credit card debt or lines of credit without the express written approval of the Probation Office;

(2) The defendant shall provide the probation officer with access to requested financial information;

(3) The defendant shall not add any new names to any lines of credit, shall not be added as a secondary card holder on another's line of credit, and shall provide the probation officer with electronic access to any online management of any lines of credit, including lines of credit for businesses/LLCs that are owned, operated or otherwise associated with the defendant;

(4) The defendant shall transfer all assets into one main bank account and close all other savings/checking accounts, and shall not add any new account holders to the one main bank account (except that the account may include the defendant's spouse if there are joint marital assets/expenses). The defendant shall provide the probation officer with electronic "read only" access to any online management of the account. The defendant shall provide the final statement from each account that is closed to ensure that no funds are dissipated during the closing of existing accounts and opening of the single account;

(5) The defendant shall permit the probation officer to monitor all investment and retirement accounts and other assets, including conferring and coordinating with the account administrator and to receive notification of all account activity, including contemporaneous notification and duplicate account statements;

(6) The defendant shall disclose to the Probation Office all assets and other things of value in which the defendant has a direct or indirect interest of any kind, wherever located, including without limitation any and all real and personal property; securities, stock, warrants, debentures, notes, swaps, limited and general partnership interests and other investment and investment instruments, whether debt or equity; annuities, long term care policies, and other insurance and or insurance investment products; and other investment accounts;

(7) The Defendant shall not sell, swap, transfer, encumber or otherwise dispose of whether conditionally or unconditionally any asset or other thing of value whether real or personal, including without limitation consumer items, without the prior express written notice to and approval of the Probation Office and the court;

(8) Upon request, the defendant shall submit a proposed budget (detailing expected income and expenses) to the probation officer after which the probation officer shall communicate his/her approval to the defendant. The defendant shall adhere to the approved budget and any deviations must be approved before incurring and paying the expense. Any receipt of income or asset not anticipated by the approved budget shall be reported to the probation officer within two days of the receipt of the income or asset, or within two days of the defendant's receipt of knowledge that such income or asset will be received, whichever comes sooner. Such unanticipated income or asset cannot be disposed of without prior permission of the probation officer;

(9) Any expense(s) or liability(ies) individually or collectively which, when calculated over any 30-day running period, total(s) in excess of $250 and which are not included in the approved budget specified in the paragraph above shall be reported to the probation officer within two days of the first day the defendant incurred or learned of the expense(s) or liability(ies), whichever comes sooner;

(10) The defendant shall retain receipts for inspection, upon reasonable notice, for any expenditure or series of expenditures which, when calculated over any 30-day running period, total(s) more than $250.

It is noted that these conditions are imposed pursuant to 18 U.S.C. § 3583(c), which requires the court to consider in determining the terms and conditions of supervised release the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(c), (a)(2)(D), (a)(4), and (a)(7) which includes not only the seriousness of the offense, and the nature and circumstances of the offense, but also the history and characteristics of the defendant.

These conditions have been read to me.   I fully understand the conditions and have been provided a copy of them.

 

| **Defendant** | **Date** |
|---|---|

 

| **U.S. Probation Officer/Designated Witness** | **Date** |
|---|---|