UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------------ x
UNITED STATES OF AMERICA,                        :
                                                 :
                Plaintiff,                      :     **MEMORANDUM &**
                                                 :     **ORDER GRANTING IN**
   -against-                                   :     **PART DEFENDANT'S**
                                                 :     **MOTION FOR**
JAMIE PETRONE,                                   :     **SENTENCE**
                                                 :     **REDUCTION**
                Defendant.                      :
------------------------------------------------------------------ x     3:22-CR-61 (VDO)

**VERNON D. OLIVER**, United States District Judge:

This suit concerns a nearly decade-long scheme in which Yale University and the Internal Revenue Service were defrauded of millions of dollars. Before the Court is a motion for sentence reduction pursuant to 18 U.S.C. § 3582(c) and Amendment 821 to the United States Sentencing Guidelines initially filed *pro se* by Defendant Jamie Petrone and supplemented by Petrone's counsel. (ECF Nos. 77, 84.) The Government opposed, and Petrone replied. (ECF Nos. 86, 87.) After careful consideration of the record, including the parties' briefing and the United States Probation Office's supplement to the Presentence Investigation Report (Suppl. PSR, ECF No. 79), the Court **grants in part** Petrone's motion.

**I.     BACKGROUND**

On March 28, 2022, pursuant to a plea agreement with the Government, Petrone pleaded guilty to a two count information charging her with Wire Fraud, in violation of 18 U.S.C. § 1343 ("Count One"), and Filing a False Tax Return, in violation of 26 U.S.C. § 7206(1) for the calendar year 2016 ("Count Two.") (ECF Nos. 33, 34.) Petrone agreed to make restitution to Yale University and to the IRS. (ECF No. 34 at 3–4.) Petrone also agreed to facilitate the liquidation of properties that were purchased with funds derived from her criminal

activity and forfeit the interests to multiple luxury vehicles. (*Id.* at 5–6.) The sentencing court accepted the plea, finding that it was knowingly, voluntarily, and intelligently made with the effective assistance of counsel. (ECF No. 40.)

Petrone's Sentencing Guidelines imprisonment range was 97 to 121 months, based on an offense level of 30 and a criminal history category of I. (Suppl. PSR at 3.) The Government urged the sentencing court to impose a sentence to a term of imprisonment within the advisory range. (ECF No. 58 at 23.) Petrone sought a non-Guidelines sentence, including a sentence of home incarceration, and a lengthy period of supervised release, asserting that such a sentence would reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense. (ECF No. 54 at 4.)

At a sentencing hearing in October 2022, the Honorable Vanessa L. Bryant imposed a sentence of 109 months' imprisonment on Count One and 12 months' imprisonment on Count Two, to be served concurrently, followed by three years of supervised release on Count One and one year of supervised release on Count Two, to be served concurrently. (ECF No. 67 at 1.) Petrone is currently incarcerated, with an expected release date of January 25, 2030. (Suppl. PSR at 3.)

## II.    LEGAL STANDARD

"With limited exceptions, 'a judgment of conviction that includes [a sentence to a term of imprisonment] constitutes a final judgment,' and a federal court 'may not modify a term of imprisonment once it has been imposed.'" *United States v. Zapatero*, 961 F.3d 123, 127 (2d Cir. 2020) (alteration in original) (quoting 18 U.S.C. § 3582(b)–(c)). Section 3582(c)(2) of Title 18 provides a "'narrow exception' to this general rule of finality," *id.*, providing that "where a defendant was sentenced to a term of imprisonment based on a sentencing guidelines

range that was subsequently lowered by the Sentencing Commission, a court may reduce the term of imprisonment 'after considering the factors set forth in section 3553(a) . . . [and] if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" *United States v. Martin*, 974 F.3d 124, 136 (2d Cir. 2020) (alteration in original) (quoting 18 U.S.C. § 3582(c)(2)).

Amendment 821 to the United States Sentencing Guidelines Manual, effective November 1, 2023, applies retroactively to "change[] the way a defendant's criminal history category is calculated." *United States v. Blackwell*, No. 3:20-CR-126-4 (OAW), 2024 WL 489155, at *1 (D. Conn. Feb. 8, 2024). In determining whether to apply a retroactive Guidelines amendment to a defendant's sentence, "courts must arrive at two conclusions before reducing a sentence: first, the court must find that a defendant is eligible for a reduction; and second, the court, in its discretion, must find that a reduction is merited." *Id.* (citing *Dillon v. United States*, 560 U.S. 817, 826 (2010)).

### III. DISCUSSION

#### A. Petrone is Eligible for a Reduction in Sentence

The Court finds that Petrone is eligible for a reduction in her sentence.

Part B of Amendment 821 added section 4C1.1 to Chapter 4 of the Guidelines, which "provides a two-point offense level reduction for certain so-called 'zero-point offenders,' *i.e.*, defendants who have no criminal history points under Chapter Four, Part A, of the Guidelines." *United States v. Sardarova*, No. 20-CR-681 (JPC), 2024 WL 259775, at *1 (S.D.N.Y. Jan. 12, 2024). To qualify for a reduction in sentence under Amendment 821, a defendant must satisfy all of the following criteria:

1) The defendant did not receive any criminal history points from Chapter Four, Part A;

2) The defendant did not receive an adjustment under § 3A1.4 (Terrorism);

3) The defendant did not use violence or credible threats of violence in connection with the offense;

4) The offense did not result in death or serious bodily injury;

5) The instant offense of conviction is not a sex offense;

6) The defendant did not personally cause substantial financial hardship;

7) The defendant did not possess, receive, purchase, transport, transfer, sell or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

8) The instant offense of conviction is not covered by § 2H1.1 (Offense Involving Individual Human Rights);

9) The defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and

10) The defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined at 21 U.S.C. § 848.

U.S.S.G. § 4C1.1; *see also Blackwell*, 2024 WL 489155, at *2 n.1.

The parties agree that Petrone's criminal history points are recalculated due to the retroactive application of Part B of Amendment 821 and, consequently, the Court may exercise discretion to reduce her sentence of imprisonment. (ECF No. 84 at 3; ECF No. 86 at 6.) At sentencing in this case, the original Guidelines calculation included an assessment of zero criminal history points, criminal history category I, a total offense level of 30, and a Sentencing Guidelines range of 97 to 121 months. (Suppl. PSR at 3.) In light of Petrone's circumstances satisfying the criteria, the application of Part B of Amendment 821 results in an assessment of

4

zero criminal history points, criminal history category I, a total offense level of 28, and a Sentencing Guidelines range of 78 to 97 months. (*Id.*)

Because Petrone's Guidelines range is calculated to be 78 to 97 months, as opposed to 97 to 121 months, she is eligible for a reduction in sentencing under 18 U.S.C. § 3582(c)(2).

### B. Factors Weigh in Favor of Modifying Petrone's Sentence

Having considered the factors set forth in 18 U.S.C. § 3553(a) and Petrone's post-sentencing conduct, the Court concludes that modifying Petrone's sentence to be within the newly-calculated Guidelines range is warranted.

To determine whether to exercise discretion to reduce a sentence, a court "consider[s] the factors set forth in 18 U.S.C. § 3553(a) as well as the 'nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment.'" *United States v. Elendu*, No. 20-CR-179-14 (DLC), 2024 WL 458643, at *2 (S.D.N.Y. Feb. 6, 2024) (quoting 18 U.S.C. § 3553(a) § 1B1.10, Application Note l(B)(i)–(ii)). The Section 3553(a) factors include "the nature and circumstances of the offense and the history and characteristics of the defendant;" as well as "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner[.]" 18 U.S.C. § 3553(a)(1)–(2). A court may also scrutinize the post-sentencing conduct of the defendant that occurred after imposition of the term of imprisonment. *United States v. Cirino*, No. 17-CR-232, 2024 WL 1068337, at *3 (D. Conn. Mar. 12, 2024) (citing 18 U.S.C. § 3553(a) § 1B1.10, Application Note l(B)(iii)).

Here, after weighing the Section 3553(a) factors, the Court concludes that a sentence within the newly-calculated Guidelines range is sufficient, but not greater than necessary, to comply with the goals of sentencing. As to "the nature and circumstances of the offense and the history and characteristics of the defendant," the Court finds that the fraudulent conduct at issue involved significant sums of money. Petrone's criminal activity included a sophisticated scheme to defraud Yale University of over forty million dollars and to evade over six million dollars in taxes, where she ordered, and caused others working for her to order, large amounts of electronic hardware that she later stole and sold to out-of-state resellers. (Suppl. PSR at 3.) In 2022, Judge Bryant concluded that 109 months (in the middle of the Guidelines range) was sufficient to satisfy the goals of sentencing. (ECF No. 67.) According to the statement of reasons provided by Judge Bryant, a Guidelines sentence was appropriate as Petrone's past traumas do not overcome the magnitude of Petrone's theft, which involved the betrayal of trust of coworkers, a negative impact on the careers of those who worked for and with her, and the lost potential for Yale to address the COVID-19 pandemic. (ECF No. 68 at 4.) In light of Petrone's circumstances, as noted by Judge Bryant, the Court here also agrees that the purposes of sentencing—including "promot[ing] respect for the law," "provid[ing] just punishment for the offense[,]" "afford[ing] adequate deterrence to criminal conduct[,]" "protect[ing] the public from further crimes of the defendant[,]" and rehabilitation—would be served by a Guidelines sentence.

Petrone's post-sentencing conduct similarly weighs in favor of reducing her sentence, but not to the lower end of the revised Guidelines range. Petrone completed several educational and developmental courses while in custody of the Bureau of Prisons, and a recent Bureau of Prisons Progress Report shows that she has not received any disciplinary citations during

6

service of her sentence. (Suppl. PSR at 4.) However, Petrone has not fully complied with her promise to surrender and forfeit six cars, as outlined in her plea agreement. (ECF No. 86 at 6; ECF No. 87 at 4.) Two vehicles (a Cadillac and Dodge Charger) were outstanding as of sentencing and, to date, Petrone has failed to make good on her commitments. (ECF No. 86 at 9.) The failure to comply with the terms of a plea agreement weighs against reducing a sentence to the lower end of the Guidelines range.

Accordingly, after weighing the Section 3553(a) sentencing factors and Petrone's post-sentencing conduct, the Court reduces Petrone's sentence to **96 months**. All other aspects of the original sentence and the original judgment shall remain in effect.

## IV.     CONCLUSION

For the reasons discuss above, Petrone's motion for a reduction in her sentence under 18 U.S.C. § 3582(c)(2) (ECF Nos. 77, 84) is **GRANTED IN PART**. Petrone's sentence is reduced to **96 months**. All other aspects of the original sentence and the original judgment shall remain in effect.

**SO ORDERED.**

Hartford, Connecticut
April 19, 2024

/s/Vernon D. Oliver
VERNON D. OLIVER
United States District Judge